IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LESLIE WHITE,** § | | |
|     Plaintiff § | | |
| § | | |
| § | **CIVIL ACTION NO. _____** | |
| **v.** § | | |
| § | | |
| § | | |
| § | | |
| **HKS, INC.** § | | |
|     Defendant § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, Plaintiff, Leslie White (hereinafter "Plaintiff"), and complains of Defendant, HKS, Inc. (hereinafter "Defendant"), and would respectfully show unto the Court as follows:

### I.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §§1331 and 1343.  In addition, Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. (hereinafter "Title VII"). Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.

## PARTIES

2. Plaintiff, Leslie White, is a black/African American citizen of the United States and a resident of Dallas County, Texas. At all times relevant hereto, Plaintiff was an employee of Defendant, HKS, Inc. Plaintiff has been subjected to unlawful employment practices committed in Dallas County, Texas by employees and agents of the Defendant.

3. Defendant, HKS, Inc., is a corporation licensed and registered to do business in Texas. Defendant may be noticed of this lawsuit by serving the registered agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On August 1, 2018, Plaintiff filed a charge of employment discrimination against Defendant with the Dallas District Office of the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last discriminatory act. Any allegations in this action which pertain to events that occurred after 300 days of the last discriminatory act pertain to allegations of continuing violation.

5. The EEOC mailed Plaintiff's "Notice of Right to Sue" on or about February 26, 2020, entitling Plaintiff to institute a civil action within 90 days of the date of receipt of said notice. This action is timely filed.

## IV.

## FACTS AND CAUSES OF ACTION

6. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq. This is a legal proceeding for legal and/or equitable relief

available to secure the rights of Plaintiff under these statutes.

7.  Beginning on or about October 2017, and continuing through July 31, 2018, Plaintiff was repeatedly subjected to discrimination based on race, black/African American, retaliation, and hostile work environment under Title VII.

8.  Plaintiff's educational credentials are as follows: Plaintiff holds a Bachelor's Degree in Accounting.

9.  Plaintiff was employed with Defendant from approximately August 25, 2014 until July 31, 2018. While employed by the Defendant, Plaintiff was an Accounting Specialist.

10. During her tenure with Defendant, Plaintiff received great performance evaluations for the years employed (2014 – 2018). During her tenure, Plaintiff never received any disciplinary action/reprimand, was never "written up," and was never informed of poor work performance.

11. Throughout her tenure, Plaintiff was a hard-working employee who diligently performed her duties on a regular basis. Plaintiff took great pride in her work and previously enjoyed her work with Defendant.

12.  In approximately June 2018, Plaintiff began being treated in a discriminatory manner by her Supervisor. For example, Plaintiff did not receive training as other similarly-situated employees. Plaintiff noticed that Caucasian employees who were hired after Plaintiff received appropriate training from the same Supervisor. In addition, black/African American employees have been referred to as "you people" in the workplace. Black/African American employees have also been told "your type does not care about working hard and doing a good

job." Furthermore, Plaintiff was denied requests to adjust her work schedule, while Caucasian employees who were hired after Plaintiff were allowed to have their work schedules adjusted upon request.

13. Plaintiff raised her concerns to Human Resources about this, but no remedial action was taken. As a result, Plaintiff suffered working in a hostile work environment.

14. Defendant treated Plaintiff in a disparate manner based on her race and subsequently retaliated against her and subjected her to a hostile work environment after she complained to Human Resources. These actions violate Title VII.

15. As the direct result of suffering disparate treatment based on her race, retaliation and a hostile work environment, Plaintiff was forced to resign from her employment with Defendant effective July 31, 2018. Plaintiff's resignation equates to constructive discharge, as Plaintiff resigned due to Defendant's discriminatory actions which affected Plaintiff's physical and mental health.

16. Defendant's policies and practices do not create an equal playing field for black/African American employees, but instead result in a hostile work environment if concerns based on racial discrimination are addressed.

17. In October 2017, Defendant allowed a non-black/African American employee to black out Plaintiff's face with a marker on a group picture that was taken of the group with whom she worked with. Defendant engaged in an ongoing pattern and practice of racial discrimination and knowingly employed company-wide policies and practices that had a disparate impact on Plaintiff.

18.     Plaintiff raised these concerns to Human Resources about the patterns and practices of discrimination, but remedial action was not taken, which caused Plaintiff to work in a hostile work environment.

19.     Plaintiff was subjected to and harmed by Defendant's pattern or practice of discrimination and unlawful policies and practices.

20.     Plaintiff alleges that she suffered retaliation and harm because she engaged in protected activity (complaining to Human Resources), in violation of 42 U.S.C. § 1981, as alleged above.

21.     Plaintiff's hostile work environment caused her constructive discharge.

22.     Plaintiff has suffered compensatory damages as the direct result of the Defendant's discriminatory and retaliatory treatment of her.  Plaintiff would further show that the Defendant's conduct was done willfully and with malice and that she is entitled to liquidated and exemplary damages.

23.     Defendant's conduct toward Plaintiff caused her severe emotional distress, pain and suffering and/or other nonpecuniary losses, for which Plaintiff seeks past and future compensatory damages.

24.     The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

25.     All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V.

## DAMAGES

26.     Plaintiff seeks statutory damages, back pay and front pay, and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, et seq.

27.     Plaintiff is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Plaintiff is entitled because of the actions and/or omissions complained of herein.

## VI.

## JURY DEMAND

28.     Plaintiff respectfully requests a jury trial.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear, and, that Plaintiff be awarded judgment against Defendant for statutory damages, compensatory, punitive and general damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, prejudgment and postjudgment interest, and such other and further legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

IWU & ASSOCIATES

**/s/ Marshay Iwu**
Marshay Iwu
State Bar No. 24083204
400 S. Zang Blvd. Suite 1200
Dallas, Texas 75208
Telephone: (469) 458-3540
Telecopier: (972) 308-6011
marshayiwu@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**